EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Jun 29 2011 2:27PM MDT
Filing ID: 38427263
Review Clerk: N/A

DISTRICT COURT, DOUGLAS COUNTY, COLORADO
Court Address:  Douglas County Justice Center
                4000 Justice Way
                Castle Rock, CO  80109

Plaintiff: COLORADO CAPITAL BANK
vs.
Defendant: RESORTBANC FINANCIAL INC

Case Number:
11CV842
Div. **3**

**CIVIL CASE MANAGEMENT ORDER**

[NOTE:  § 4.d. below specifies the format for dispositive motions under Rules 12 and 56 which <u>must</u> be followed.  <u>Failure to submit dispositive motions in this format may result is summary rejection of the brief by the Court</u>.]

The provisions of C.R.C.P. 16 (or 16.1 if applicable), as supplemented by this Order, shall control case management of this case.

**1.    Trial Call / Trial Status Conference.**

a.    Trial Management Orders are required in <u>all</u> cases (even those governed by Rule 16.1) and are governed by the procedures in Rule 16(f).

b.    A Trial Call/Trial Status Conference may be scheduled by the Division Clerk approximately ten days prior to the trial date. These conferences are sometimes held telephonically.  Attendance by trial counsel and *pro se* parties is mandatory. Based on the Trial Management Order [filed in accordance with C.R.C.P. 16(f)], the Court will confirm the following:

(1)    Alternative Dispute Resolution is completed.  <u>All cases set for trial are required to be submitted to ADR pursuant to C.R.S. §§ 13-22-311 and 13-22-313</u>. The failure to complete ADR at least 10 days prior to Trial may result in the continuance of trial or other sanctions.  A written notice of completion of ADR is required pursuant to § 13-22-311(2).

(2)    The parties are ready for trial and witnesses are subpoenaed. Only under extraordinary circumstances will a continuance be permitted for the failure of a non-subpoenaed witness to appear at trial.

    (3) Trial procedure issues, including but not limited to:

      (a) The number of alternative jurors (if applicable).

      (b) Time for voir dire, opening and closing statements.

      (c) Conference regarding stipulations of fact, coordination of witnesses and duplication of exhibits.

    (4) Any pre-trial motions that are not timely filed with the Court (*see* § 2.a below) and addressed by the Court either at Trial Call or the morning of trial will be reserved until after the jury is selected; i.e., those issues will not be discussed with the jury pool during *voir dire*.

  c. Trial confirmation.  On the Friday prior to trial, each counsel or *pro se* party will contact the Division Clerk by telephone (or leave a message) at 303-663-7210 confirming that the parties will proceed to trial.

**2.** **Filing Deadlines – Pre-Trial Motions – Trial Briefs.**

  a. Pre-Trial Motions.  Dispositive motions are governed by Rule 56(c). Evidentiary and other pre-trial motions must be filed no later than thirty-five (35) days prior to trial in accordance with Rule 16(b)(9), unless otherwise ordered by the Court in the Case Management Order.  *Issues arising for the first time* within the 35 day deadline may be filed no later than the Friday prior to trial.

  b. Trial Briefs.  Trial Briefs (i.e., a summary of law excluding factual references) may be filed with the Court no later than the Friday prior to trial.

  c. Length and Format.  Pre-trial Motions and Trial Briefs must be double-spaced and shall not exceed ten (10) pages in length, exclusive of tables and appendices.

**3.** **Experts.**

  a. The disclosure of expert testimony is governed by Rule 26(2).

  b. Treating health care providers are considered to be experts pursuant to Rule 26(2)(II).  Disclosure of treating health care providers is confined to identification information, all discoverable reports and records (or a complying release), and a curriculum vitae (if requested).  The disclosure will state whether the treating health care provider will provide opinion testimony not included in his/her reports and records, and if so, each such disclosure will include a summary of such additional opinions.

**4.     Motion Practice.**

a.     <u>Good faith conferences</u>.  Pursuant to Rule 121(c) § 1-15(8), every motion filed with the Court shall contain a certification that the movant has, in good faith, conferred with the party against whom the motion is made.  The "useless" nature of such a conference permitted in the Committee Comment to § 1-15(8) must be based upon prior conferences between counsel on the same or similar issues, and not on the mere contentiousness of the litigation, and must be described in the certification.  Motions which do not contain this certification may be rejected by the Court.

b.     <u>Stipulated or Unopposed Motions</u>.  Based on the pre-filing conference, if any motion is stipulated or unopposed, that information will be provided in the Rule 121(c) § 1-15(8) certification and the motion will be identified in its title as "Stipulated" or "Unopposed."

c.     <u>Format</u>.  The format requirements set forth in Rule 10(d)(3) are mandatory, specifically regarding the line spacing requirements for "Motions" (single space) and for "Briefs and Legal Memoranda" (double space).  This Court subscribes to the general description of "Motions" as requests for action by the Court, while "Briefs and Legal Memoranda" are recitations of facts and legal authority in support of the action requested in "Motions."  Counsel are also reminded that, within the double space requirement of Rule 10(d)(3), Rule 121(c) § 1-15(1) states that, "[m]otions or briefs in excess of 10 pages in length, exclusive of tables and appendices, are discouraged."

d.     **Dispositive Motions – Rules 12 and 56.**  Motions to dismiss and/or for summary judgment pursuant to C.R.C.P. 12 and 56 <u>must</u> comply with the following procedure:

(1)     <u>In the initial section of the movant's brief entitled "Undisputed Material Facts</u>," the movant shall set forth in simple, declarative sentences, *separately numbered and paragraphed*, each <u>material</u> fact (one fact per numbered paragraph) which the movant asserts is not in dispute and which supports movant's argument on summary judgment.  Each fact must be accompanied by a specific reference to material in the Court record, or to material attached to the brief.  References must be to a specific page or pages, not to documents in general.

(2)     <u>In the initial section of the respondent's brief entitled "Response to Undisputed Material Facts</u>," and in separately numbered paragraphs which correspond to the movant's paragraphs, the respondent must state whether each fact identified by the movant is "admitted" or "denied."  Any denial shall be accompanied by a *brief* factual explanation of the reason(s) for the denial and a specific reference to material in the Court record or to material attached to the brief, which supports the denial.  References must be to a specific page or pages, not to documents in general.

(3)     If the respondent asserts that additional <u>disputed</u> issues of fact exist upon which the movant's Motion should be denied, the respondent shall follow the same procedure as set forth in ¶ 4.d(1) above regarding these additional factual issues in a <u>section of its brief entitled "Additional Disputed Material Facts</u>."

(4)     If the movant files a Reply brief and decides to reply to the factual issues set forth above, the movant shall address the factual issues as follows:

(a)     <u>In a separate section entitled "Reply to Undisputed Material Facts</u>," the movant will reply <u>only</u> to the separately numbered paragraphs which the respondent has denied, accompanied by a specific reference to material in the Court record, or to material attached to the brief, which supports the position.

(b)     <u>In a separate section entitled "Response to Disputed Material Facts</u>," the movant will respond in separately numbered paragraphs which correspond to the respondent's "Additional Disputed Material Facts," accompanied by a specific reference to material in the Court record, or to material attached to the brief, which supports the position.

(5)     <u>Failure to follow these procedures may result in the rejection of the brief requiring resubmittal, or in the denial or granting of the Motion or other relief</u>.

**5.     General Trial Protocol.**

a.     Counsel and *pro se* parties are expected at the Court on each day of trial at 8:30 a.m., unless otherwise instructed by the Court.  Trial will commence at 8:45 a.m. each day with lunch from noon to 1:30 p.m. and will conclude at 5:00 p.m., unless otherwise instructed by the Court.

b.     The Court will accommodate the schedules of professional witnesses (including health care professionals) to the extent possible without prejudicing other parties in the case.  The Court anticipates that each party will have witness (es) available for consecutive testimony without undue delay.  The parties <u>shall</u> coordinate witness scheduling prior to trial.

c.     The claims and defenses identified in the Trial Management Order pursuant to Rule 16(f) will be rebuttably presumed to be the claims and defenses available at trial, although a claim or defense listed for the first time in the TMO will not be considered at trial, unless otherwise ordered by the Court.

d.     On the morning of trial, each party will present to the Court two (2) copies of an Offer of Proof with each witness identified in order of presentation and subject area (fact or expert), including a <u>brief summary of the type of witness</u> (i.e., "damage expert," "character witness," etc.).

e. On the morning of trial, each party will present to the Court two (2) copies of its exhibit chart (plaintiff – numbers; defendant – letters; second defendant – "A2" etc.). The parties are <u>required to comply</u> with the requirements of Rule 16(f)(3)(VI)(B) regarding stipulation or objection to the opposing party's exhibits prior to trial. The exhibit chart should provide columns for action by the Court regarding the exhibit.

f. Exhibits must be labeled prior to trial and, to facilitate admission and review by the witness, <u>must be bound and tabbed in a three-ring binder</u> (if able to be bound). Any exhibit with multiple pages shall have each page numbered in consecutive order in some manner for identification. All exhibits shall be marked on the face of the exhibit.

g. On the morning of trial, each party will present to the Court a separate set of bound exhibits for use by the Court.

h. The parties will pre-screen all exhibits prior to trial and will omit any duplicate or identical exhibits. The Court will not accept duplicate exhibits. If any dispute regarding duplicate exhibits arises, the Court will determine which exhibit will be admitted.

i. <u>Audio-visual equipment</u>. If any party intends to use any special equipment, such as video tapes, movies, slides or tape recorders, the party must provide its own equipment or prearrange with the Court Administrator for use of the Court's equipment. Please bring extension cords as electrical outlets are very limited in the courtroom. Coordination and co-use of such equipment is encouraged.

**6.  Jury Trials.**

a. Jury instructions shall be submitted to the Court on the Friday before trial in accordance with Rule 16(g) and must be in <u>editable</u> Word format on CD or (preferably) by e-mail to: <u>richard.caschette@judicial.state.co.us</u>. Jury instructions shall be formatted in "Ariel" 12-point font. <u>Authority for the instruction shall appear at the bottom in a format which may be later deleted by the Court</u>.

b. On the morning of trial, the parties will agree on a short "Statement of the Case" that the Court will read to the jury panel prior to voir dire.

c. If the parties agree in advance of trial, the Court may permit a brief (two minute) "mini-opening statement" to the jury panel regarding the claims and defenses in order that the jury panel has a better appreciation of the questions asked in voir dire. This practice is especially encouraged in complex or multiple defendant cases.

   d. Except when requested by the parties, the Court will use a jury questionnaire, in lieu of direct questioning, to conduct preliminary voir dire of the jury panel regarding general information

   e. The Court considers that the purpose of voir dire is to ensure a fair and impartial jury and will limit case-specific questioning to only those issues which may, in the Court's opinion, affect the fairness and impartiality of the prospective jurors.  The Court will not permit blatant pre-trial indoctrination or discussion of case-specific facts or legal theories during voir dire.

   f. If any or all of the parties intend to include exhibits in a jury notebook at any time during the trial, the following procedures will be followed:

    (1) Stipulated, labeled exhibits will be bound in three-ring binders (one for each juror plus alternates) with margin tabs for location.

    (2) Unstipulated exhibits which are admitted will be hole-punched and margin tabbed for insertion into the three-ring binders provided by the party.

    (3) Depending upon the number of exhibits, the parties will agree prior to trial as to whether all exhibits will be provided in a <u>single</u> binder (preferred) or in multiple notebooks.  If multiple binders are absolutely required, defendant's binders will be of a different color than plaintiff's.

   g. Oversized copies of any portion of any stipulated exhibit may be used by any party during any phase of the trial (<u>except</u> voir dire unless approved by the Court).  Oversized copies of exhibits will not be given to the jury during deliberations, unless approved by the Court.

   h. All persons, including parties, attorneys, prospective jurors during voir dire, and Court personnel will be addressed as "Mr.," "Mrs.," "Ms.," Dr.," or other professional title, unless approved in advance by the Court.  Individual consideration will be given regarding children and minors prior to trial.

**7. Trial to the Court.**

   a. <u>Expert witnesses</u>.  A curriculum vitae will substitute for equivalent testimony regarding the qualification of any expert witness, although testimony will be permitted regarding issues not included in the curriculum vitae.

   b. <u>Stipulated facts</u>.  The parties are encouraged to develop and stipulate to as many material facts as possible prior to trial. The Court will inquire into to the parties' efforts regarding such stipulations.

**8.     Sanctions.**

The failure by any party or counsel to comply with any Rule of Civil Procedure or any Order of the Court may result in the loss of trial date, the striking of witnesses, exhibits, and/or claims or defenses, or other appropriate sanctions.

By Order of the Court this 29th day of June, 2011.

Richard Caschette
District Court Judge


cc:     All parties

[Note:  Counsel for the moving party (or the party if unrepresented) is instructed by the Court to serve a copy of this order on any *pro se* party within ten (10) days of receipt.]