IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00243-WJM-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION,
Receiver for Colorado Capital Bank,

      Plaintiff,

vs.

RESORTBANC FINANCIAL, INC.,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER ( Docket No 20-1 )

      Plaintiff Federal Deposit Insurance Corporation("FDIC"), in its capacity as Receiver for

Colorado Capital Bank, Defendant ResortBanc Financial, Inc. ("ResortBanc"), and FDIC's and

ResortBanc's respective attorneys of record stipulate and move the Court for a Protective Order

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information, as defined below.  As grounds for this Protective Order, FDIC and

ResortBanc (collectively, the "Parties") state as follows:

      1.      In this action, at least one of the Parties has sought or is seeking Confidential

Information (as defined in paragraph 3 below).  The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning

Confidential Information in depositions or in written discovery requests.  The Parties assert the

disclosure of Confidential Information outside the scope of this litigation could result in

significant injury to one or more of the Parties' business or privacy interests. The Parties further assert the disclosure of Confidential Information outside the scope of this litigation could cause the Parties to be in violation of requirements imposed by the Graham Leach Bliley Act, 15 U.S.C. § 6801 *et seq.*, the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, various other federal statutes and their implementing regulations (collectively, "Financial Privacy Laws"). These Financial Privacy Laws require the Parties to protect the privacy of non-public personal information and personally identifiable financial information of their customers, among other types of financial information. No alternative exists to the protections set forth in this Protective Order because all less-restrictive protective measures would force the Parties to violate the Financial Privacy Laws and harm the privacy interests of their customers and former customers.

2.      The Parties have stipulated to the terms below regarding the protection of Confidential Information and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

3.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing non-public financial or commercial information, the disclosure of which would likely violate the Financial Privacy Laws. Such non-public financial information includes, but is not limited to, the following:

   a.      **Regulatory**: Confidential Information related in any way to the regulation

2

or supervision of Colorado Capital Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC, the Colorado regulatory agency, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of Colorado Capital Bank. The Parties understand and agree that the release of such regulatory documents may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to third parties without approval by the respective regulatory authority. Confidential Material includes documents that are confidential or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552, FDIC regulations governing the disclosure of information, 12 C.F.R. Part 309, the laws of the State of Colorado, or any other applicable federal or state laws.

b. **Bank and Bank Customers**: Confidential Information related to Colorado Capital Bank, ResortBanc, their respective customers or former customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including: Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan

3

documentation relating to any extension of credit or loan to any borrower. Examples of Confidential Information, without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

      c.    **Receivership**: Confidential Information related to the receivership of the Colorado Capital Bank, including any information on loss or estimates of such loss on Colorado Capital Bank's assets not publicly available. Notwithstanding any other provisions of this Protective Order, no Confidential Information shall be disclosed to any person or entity who is not a party to this litigation known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Agreement.

    4.    Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or for any other purpose related to this litigation, it will be designated in the following manner:

      a.    By imprinting the word "Confidential" on each page on which any Confidential Information appears;

      b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

      c.    With respect to transcribed testimony, by giving written notice to

opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5.  All Confidential Information provided by a Party in the disclosure of documents, in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.  It shall be used only for the purpose of this litigation or for the FDIC's professional liability investigation of Colorado Capital Bank, and not for any business or other purpose whatsoever;

b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6.  Individuals authorized to review Confidential Information shall hold such Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such information.

8.  Confidential Information shall not be disclosed to any person or entity other than:

a.  This Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

5

b.      Corporate (in-house) and outside attorneys for each Party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under attorney supervision;

c.      Any witness with prior knowledge of the information and/or prior or current possession of the Confidential Information to be disclosed;

d.      Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained or employed by the parties or counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the Confidential Information be held in confidence, as represented in Exhibit A;

e.      The Parties, deponents, witnesses, or potential witnesses; and

f.      Essential insurance representatives needed for claims evaluation.

9.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. During the pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom.

10.     If a Party objects to the designation of certain information as Confidential Information, the Party's counsel shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the objecting Party may move for a disclosure order consistent

with this Protective Order.  Any motion for disclosure shall be filed within 14 days of receipt by

counsel of notice of opposing counsel's objection, and the information shall continue to have

Confidential Information status from the time it is produced until a ruling by the Court on the

motion.

11.    In the event Confidential Information is used in any court filing or proceeding in

this action, including but not limited to its use at trial, it shall not lose its confidential status as

between the Parties through such use.  Confidential Information and pleadings or briefs quoting

or discussing such information will not be accepted for filing "under seal" or otherwise kept out

of the public record in this action, except by Court order issued upon motion of the Party to

restrict access to the documents.  Any motion to restrict public access shall comply with the

requirements of D.C.COLO.LCivR 7.2.

12.    If any non-party to this Protective Order demands, by subpoena or other judicial

process, production of any Confidential Information, the Party upon whom the demand is made

shall promptly notify the other Party of such demand, and in no event less than 20 days prior to

the deadline to respond.  At its option, the Party being notified may elect to challenge the

demand and assert any applicable protections.  The Party challenging the demand shall notify the

other Party and issuing court or tribunal of its challenge within such time as required by law, the

subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled

to protection from disclosure shall lie with the Party making the challenge.  When such a

challenge is made, the Party who received the demand shall not produce any Confidential

Material in the absence of consent by the challenging Party or an order by the issuing court or

7

tribunal compelling production.

13.     The Parties do not waive any privilege, including any attorney-client privilege, work product privilege, or any other applicable privilege they might have, including, but not limited to, any privilege that Colorado Capital Bank may have had or any federal or state regulatory agency may hold, with respect to any of the documents and information produced. Production of such material is not intended to, and shall not, waive or diminish in any way, the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other third party.

Furthermore, in the event that a Party inadvertently produces attorney-client privileged documents or information, and if the Party subsequently notifies the other Party that the privileged documents or information should not have been produced, the receiving Party agrees to immediately return the originals and all copies of the inadvertently produced privileged documents and information. Nothing in this Agreement shall prevent the FDIC from using any Confidential Information that is provided by the FDIC by virtue of its access to the records of Colorado Capital Bank in any of its capacities for any lawful purposes.

14.     The termination of this action shall not relieve the Parties, their counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, ~~until Termination of This case~~

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

WJM
6-1-12

16.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or certify in writing that all Confidential Information produced by the opposing Party has been destroyed.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this ___ day of ___ June ___ 2012.

BY THE COURT:

_____

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

APPROVED:


*s/ Geraldine A. Brimmer*
Geraldine A. Brimmer
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303-473-2733
Fax: 303-473-2720
GBrimmer@hollandhart.com


*s/M. Antonio Gallegos*
M. Antonio Gallegos
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO  80202
Phone:  303-295-8313
Fax:  303-713-6297
agallegos@hollandhart.com
**Attorneys for Plaintiff**

*s/ Jason M. Lynch*
Jason M. Lynch
REILLY POZNER LLP
1900 Sixteenth St., Ste. 1700
Denver, CO 80202
jlynch@rplaw.com
**Attorney for Defendant**

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO    )
                         )  ss.
COUNTY OF _____  )

        _____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in *, a copy of which is attached to this Affidavit.

2.      I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (___)_____

11

SUBSCRIBED AND SWORN to before me this * day of *, 20__, by

_____.

WITNESS my hand and official seal.

_____

Notary Public

[S E A L]

My Commission Expires: _____

5615468_2.DOC